IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:22-CV-415-O |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the petition of Ross Thomas Brantley, III, under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as unexhausted.

## I.    BACKGROUND

Petitioner was convicted by a jury under Case No. 1609793 in the Criminal District Court No. 1 of Tarrant County, Texas, of ten counts of aggravated sexual assault of a child for which he is serving concurrent life sentences and six counts of indecency with a child for which he is serving concurrent twenty-year sentences. ECF No. 21-2 (CR[1]) at 573–605. The judgments were affirmed on appeal. *Brantley v. State*, No. 02-19-0049-CR, 2021 WL 3679239 (Tex. App.—Fort Worth Aug. 19, 2021, pet. ref'd). On December 15, 2021, his petition for discretionary review was refused. *Id.*

Petitioner filed a state application for writ of habeas corpus that was dismissed without written order for non-compliance with Rule 73.2 of the Texas Rules of Appellate Procedure on

---

[1] "CR" refers to the trial clerk's record in the underlying criminal case.

April 27, 2022. ECF No. 22-49. Rather than filing a compliant state application, Petitioner filed this action.

## II.      GROUNDS OF THE PETITION

Petitioner sets forth eight grounds in support of his petition. First, he is actually innocent. Second, he received ineffective assistance of counsel. Third, his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence. Fourth, he was convicted in violation of double jeopardy. ECF No. 2 at 6–7. Fifth, he was arrested based on a defective warrant. Sixth, his Due Process right was violated under the presentment clause. Seventh, he was denied the right to a fresh jury for sentencing. And, eighth, his right to speedy trial was violated. *Id.* at 8.

## III.     EXHAUSTION

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## IV.   ANALYSIS

The record establishes that Petitioner has not exhausted his claims. He raised only a ground of ineffective assistance of counsel in his petition for discretionary review. ECF No. 21-23. His state application for writ of habeas corpus was not considered on the merits, but was dismissed for failing to comply with the proper format. ECF No. 22-49. Petitioner apparently recognizes that he cannot proceed with this action as he has failed to file any reply.[2] Because his petition includes unexhausted grounds, it must be dismissed. *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

## V.   CONCLUSION

The petition for writ of habeas corpus is **DISMISSED** as unexhausted.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

---

[2] It is clear that Petitioner's first ground, alleging actual innocence, is not based on new reliable evidence.

appealability is **DENIED**.

      **SO ORDERED** on this 7th day of December, 2022.

Reed O'Connor
UNITED STATES DISTRICT JUDGE